**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4551**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

   v.

TIMOTHY ANTAINE BAXTER,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00170-RJC-1)

_____

Submitted: March 14, 2017    Decided: March 16, 2017

_____

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Dennis E. Jones, DENNIS E. JONES, P.L.C., Abingdon, Virginia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Antaine Baxter appeals his conviction and sentence of 86 months of imprisonment for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether Baxter's appellate waiver is valid, whether the sentence imposed by the district court was reasonable, and whether Baxter received ineffective assistance of counsel. We affirm.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." Id.

Based on our review of the record, we conclude that Baxter's Rule 11 colloquy was properly conducted, and Baxter knowingly and voluntarily agreed to waive his appellate rights. Consequently, we conclude that Baxter's appellate waiver is valid. Because the Government has not invoked the waiver, however, it does not limit our review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

Next, a guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Baxter neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the record reveals that the district court fully complied with Rule 11 in accepting Baxter's guilty plea after a thorough hearing. Accordingly, we conclude that his plea was knowing and voluntary, see Fisher, 711 F.3d at 464, and thus "final and binding," United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Baxter's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), cert. denied, 137 S. Ct. 320 (2016). This review entails appellate consideration of both the

procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. Furthermore, Baxter's sentence of 86 months fell below the range recommended by the Guidelines. Therefore, we conclude that Baxter's sentence is reasonable.

Finally, a prisoner "may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) (alteration and ellipsis omitted). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively establish the alleged grounds for Baxter's claims, Baxter does not meet this demanding

4

standard.  These claims should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform Baxter, in writing, of the right to petition the Supreme Court of the United States for further review.  If Baxter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Baxter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>